[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2011
JOHN LEY
CLERK

No. 10-15849
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00300-EAK-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO RIOS-ZAVALA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 20, 2011)

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Sergio Rios-Zavala appeals his sentence of a year and a day for reentering

the United States illegally. 8 U.S.C. §§ 1325(a)(1); 1326(a), (b)(1); 1329. Rios-Zavala argues that his sentence is unreasonable. We affirm.

The district court did not abuse its discretion by sentencing Rios-Zavala within the guideline range. Although Rios-Zavala was permitted to return voluntarily to Mexico in 2003 after being arrested for his role in a conspiracy to commit forgery, border patrol agents again apprehended Rios-Zavala after he returned to the United States illegally in August 2004, November 2004, December 2004, June 2007, and in June 2010. The district court considered "all the [sentencing] factors," 18 U.S.C. § 3553(a), and reasonably determined that a sentence that exceeded one year was necessary to address Rios-Zavala's repeated illegal reentries, and would provide adequate punishment, promote respect for the law, and deter future similar misconduct. Rios-Zavala argues that the district court "never seriously considered" his dire economic circumstances, but the district court "recognize[d] and underst[oo]d that things [were] bad in Mexico [and Rios-Zavala] came here trying to earn a living." The district court nevertheless found that Rios-Zavala's poverty did not outweigh his criminal history and the need to deter him from entering the United States yet again. Rios-Zavala's sentence is reasonable.

Rios-Zavala's sentence is **AFFIRMED**.